UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
KATRINA D. CONWAY,

                      Plaintiff,   **REPORT AND**
 **RECOMMENDATION**
      -against-   **CV 10-1859 (SJF)(ARL)**

THE AMERICAN RED CROSS, HEATHER
HARBUS, and BARBARA WELBORNE,

                    Defendants.
----------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

Before the court, on referral from District Judge Sandra J. Feuerstein, is the defendants' American Red Cross and Heather Harbus (the "moving defendants") motion to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process, and in the alternative pursuant to Federal Rule of Civil Procedure 12(b)(6) and/or Federal Rule of Civil Procedure 56. For the reasons set forth herein, the court recommends that the moving defendants' motion to dismiss be granted.

### BACKGROUND

On December 10, 2009, the *pro se*[1] plaintiff, Katrina D. Conway ("Conway") commenced this action in the Supreme Court of the State of New York, County of Suffolk against defendants American Red Cross, Heather Harbus ("Harbus"), and Barbara Welborne ("Welborne") alleging fraudulent misrepresentation, malicious prosecution, abuse of process, intentional infliction of emotional distress and prima facie tort for injuries allegedly sustained by Conway as a result of an incident that occurred at the American Red Cross, Suffolk Chapter in Yaphank, New York on December 26, 2006. *See* Amended Compl., dated January 14, 2010.

---

[1] On July 7, 2010, Conway retained counsel to represent her in this matter.

On March 27, 2010, Conway served the summons and amended complaint on Harbus by certified mail, return receipt requested. *See Silverman Decl.*, dated June 3, 2010, Ex. B. On March 30, 2010, Conway served the summons and amended complaint on the American Red Cross by certified mail, return receipt requested. *See id.*, Ex. A. On April 30, 2010, Conway attempted to serve the summons and amended complaint on Welborne by delivering a copy of the documents to an employee at the American Red Cross. *See* Pl.'s Memo. in Opp., dated July 30, 2010, at 3, Ex. D.

The moving defendants timely removed the action to this court on April 26, 2010. By letter dated May 3, 2010, the moving defendants requested a pre-motion conference in anticipation of filing a motion to dismiss pursuant to Federal Rule Civil Procedure 12. On May 5, 2010, District Judge Joseph Bianco[2] waived the pre-motion requirement and issued a briefing schedule for the motion.

By letter dated May 22, 2010, Conway moved for a default judgment against defendant Welborne. Based on the court's review of the letter motion and attachments, District Judge Bianco denied the motion by Order, dated May 27, 2010 on the ground that it appeared Welborne had not been properly served under Federal Rule of Civil Procedure 4(e). In the order, District Judge Bianco instructed that:

> If counsel for defendants the American Red Cross and Heather Harbus is also authorized to accept service on Ms. Welborne's behalf, she shall notify the Court by Friday, June 4, 2010. If not, plaintiff will need to properly serve Ms. Welborne with the summons and amended complaint by personal service or another permissible means of service.

---

[2] On June 1, 2010, this action was reassigned to District Judge Sandra J. Feuerstein for all further proceedings.

*Order*, dated May 27, 2010. In response to the order, counsel for the moving defendants stated that she was not authorized to accept service on behalf of Welborne because on the date of the purported service, Welborne was no longer employed by defendant American Red Cross. *See Silverman Letter*, dated June 3, 2010.

The American Red Cross and Harbus now move to dismiss for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5), or alternatively pursuant to Federal Rule of Civil Procedure 12(b)(6) or 56.

## DISCUSSION

**A.     Standard for a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(5)**

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Dynegy Midstream Servs. v. Trammochem*, 451 F.3d 89, 94 (2d Cirl. 2006) (internal quotation marks and citation omitted); *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) ("The requirement that jurisdiction be established as a threshold matter spring[s] from the nature and limits of the judicial power of the United States and is inflexible and without exception") (internal quotation marks and citation omitted); *see also Arrowsmith v. United Press Int'l*, 320 F.2d 219, 221 (2d Cir. 1963) (en banc) ("[L]ogic compel[s] initial consideration of the issue of jurisdiction . . . . [A] court without such jurisdiction lacks power to dismiss a complaint for failure to state a claim "). In considering a Rule 12(b)(5) motion to dismiss for insufficient service of process, the court "must look to matters outside the complaint to determine whether it has jurisdiction." *Hertzner v. United States Postal Serv.*, No. 05-CV-2371 (DRH) (ARL), 2007 WL 869585, at *3 (E.D.N.Y. Mar. 20, 2007).

"[W]hen a defendant moves to dismiss under rule 12(b)(5), the plaintiff bears the burden of proving adequate service." *Burda Media, Inc. v. Viertel*, 417 F.3d 292. 298-99 (2d Cir. 2005) (citation omitted); *see Schwasnick v. Fields,* No. 08-CV-4759 (JS) (ARL), 2010 WL 2679935, at *2 (E.D.N.Y. June 30, 2010) (same). Thus, it is Conway's burden of proof to establish that service of process was proper on defendant Harbus, a natural person, and on defendant the American Red Cross, a corporation.

**(1) Service upon defendant Harbus**

Service of process upon an individual within a judicial district of the United States is governed by Federal Rule of Civil Procedure 4(e) which states that service may be completed by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

(A) delivering a copy of the summons and of the complaint to the individual personally;
(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). In this case, the applicable state law is governed by Section 308 of the New York Civil Practice Law and Rules ("C.P.L.R.") which provides in pertinent part:

Personal service upon a natural person shall be made by any of the following methods:

1. by delivering the summons within the state to the person to be served; or

2. by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the

       person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend "personal and confidential" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, such delivery and mailing to be effected within twenty days of each other . . . .

3.     by delivering the summons within the state to the agent for service of the person to be served as designated under rule 318 . . . .

4.     where service under paragraphs one and two cannot be made with due diligence, by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by either mailing the summons to such person at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend "personal and confidential" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, such affixing and mailing to be effected within twenty days of each other . . . .

5.     in such manner as the court, upon motion without notice, directs, if service is impracticable under paragraphs one, two and four of this section.

N.Y.C.P.L.R. § 308. In addition, Section 312-a of the C.P.L.R. permits the alternate service by mail and states in relevant part:

(a)     Service. As an alternative to the methods of personal service authorized by section 307, 308, 310, 311 or 312 of this article, a summons and complaint . . . may be served by the plaintiff of any other person by mailing to the person or entity to be served, by first class mail, postage prepaid, a copy of the summons and complaint . . . together with two copies of a statement of service by mail and acknowledgement of receipt in the form set forth in subdivision (d) of this section with a return envelope, postage prepaid, addressed to the sender.

N.Y. C.P.L.R. § 312-a (a).

Conway claims to have effected service of process in accordance with C.P.L.R. § 308(4) and/or § 312-a when she mailed the summons and amended complaint by certified mail, return

receipt requested to Habus. Such service, however, does not satisfy either the federal or state statutory requirements.

Although Conway attached a copy of the certified mail receipt as an exhibit to her opposition papers, the affidavit of service and opposition papers do not indicate that Conway made any attempt to serve the pleadings in person or by "leave and mail" or by "nail and mail" or by alternate service. Nor have any court orders been issued providing for service of process by an alternative method. Thus, on the face of Conway's submissions, it is clear that she failed to comply with any of the state or federal methods of service on an individual. Service on a natural person solely by certified mail, return receipt requested is insufficient. *See Uzamere v. Uzamere*, 2010 WL 2737156, at *4 (N.Y. Sup. Ct. July 13, 2010) (finding *pro se* plaintiff failed to obtain personal jurisdiction over defendants because "[s]erving defendants by certified mail does not comply with the requirements of C.P.L.R. 308 for personal service upon a natural person") (internal quotation marks and citation omitted); *see also Klein v. Educational Loan Serv., LLC*, 897 N.Y.S.2d 220, 221-22 (2d Dep't 2010) (finding defective service where plaintiff served defendants solely by certified mail, return receipt requested but failed to comply with the requirements of C.P.L.R. 312-a for personal service by mail). Accordingly, in the absence of proper service, it is clear that Conway failed to obtain personal jurisdiction of defendant Habus.

**(2)  Service upon defendant American Red Cross**

Service of process on a corporation is governed by Federal Rule of Civil Procedure 4(h)(1) which states in relevant part that service in a judicial district of the United States may be effectuated either:

(A)  in the manner prescribed by Rule 4(e)(1) for serving an individual; or

(B)  by delivering a copy of the summons and of the complaint to an officer, a

managing or general agent, or any other agent authorized by appointment or by law to receive service of process and - if the agent is one authorized by statute and the statute so requires - by also mailing a copy of each to the defendant.

Fed. R. Civ. 4(h)(1). In this case, the applicable state law is governed by Section 311(a)(1) of the New York Civil Practice Law and Rules ("C.P.L.R.") which provides in pertinent part:

    (a)    Personal service upon a corporation . . . shall be made by delivering the summons as follows:

        1.    upon any domestic or foreign corporation, to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service. A business corporation may also be served pursuant to section three hundred six or three hundred seven of the business corporation law. A not-for-profit corporation may also be served pursuant to section three hundred six or three hundred seven of the not-for-profit corporation law[3]; . . .

    (b)    If service upon a domestic or foreign corporation within the one hundred twenty days allowed by section three hundred six-b of this article is impracticable under paragraph one of subdivision (a) of this section or any other law, service upon the corporation may be made in such manner, and proof of service may take such form, as the court, upon motion without notice, directs.

N.Y.C.P.L.R. 311.

---

[3]Section 306 of the Not For Profit Corporation Law states in pertinent part:

(a) Service of process on a registered agent may be made in the manner provided by law for the service of a summons, as if the registered agent was a defendant.
(b) Service of process on the secretary of state as agent of a domestic corporation formed . . . shall be made by personally delivering to and leaving with him or his deputy, or with any person authorized by the secretary of state to receive such service, at the office of the department of state in the city of Albany, duplicate copies of such process together with the statutory fee. . . .

N.Y.N-PCL § 306. Section 307 of the Not For Profit Corporation Law sets forth the manner in which service of process may be made on an unauthorized foreign corporation. *Id.* § 307.

7

Conway claims to have effected service of process in accordance with C.P.L.R. § 311 and/or § 312-a when she served the summons and amended complaint by certified mail, return receipt requested to the American Red Cross. Such service, however, does not satisfy either the federal or state statutory requirements. The affidavit of service indicates the service was "By Mail" and Conway's opposition papers do not indicate that Conway made any other attempts to effect service of process. Thus, on the face of Conway's submissions, it is clear that she failed to comply with any of the state or federal methods of service on a corporation. Service on a corporation solely by certified mail, return receipt requested is insufficient. *See Klein*, 897 N.Y.S.2d at 221-22 (finding court lacked personal jurisdiction over corporate defendant where plaintiff served defendant by certified mail, return receipt requested but "presented no evidence that copies of the summons and complaint were sent . . . by first-class mail, together with, *inter alia*, two copies of a statement of service by mail and acknowledgment of receipt, and that the signed acknowledgment of receipts were mailed or delivered to the plaintiff" pursuant to the alternate method of C.P.L.R. § 312-a). Accordingly, in the absence of proper service, it is clear that Conway failed to obtain personal jurisdiction of defendant American Red Cross.

In sum, because Conway has failed to effect service of the summons and amended complaint upon the moving defendants under either Federal Rule of Civil Procedure 4(c) or in accordance with New York law, she has failed to satisfy her burden of proof to establish the service of process was adequate.

**(3)     Fed. R. Civ. P. 4(m)**

Conway nevertheless requests that the court extend her time to effect service pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. In support of her request, Conway argues that (i) defendants had notice of the action and (ii) in any event, because removal of the action was

filed on or about April 26, 2010, she had until August 26, 2010 to re-serve the defendants and was therefore within the allotted time to reserve the defendants. *See* Pl.'s Mem. in Opp., at 10-11.

Rule 4(m) of the Federal Rules of Civil Procedure governs both (i) the dismissal of an action for the untimely service of process and (ii) the extension of time in which service may be effected. *See Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007). If the plaintiff shows "good cause" for the failure to serve, the district court "shall" grant an appropriate extension of time for service. Fed. R. Civ. P. 4(m). "A court will find good cause to extend the time for service only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control." *Fried v. New York State Office of Children and Family Servs.,* No. 05-CV-5522 (NGG) (AKT), 2008 WL 4360749, at *4-5 (E.D.N.Y. Sept. 24, 2008). In addition, even in the absence of good cause, district courts have discretion to extend the time for service of the complaint. *See Zapata,* 502 F.3d at 193; *Escobar v. City of New York,* No. 05-CV-3030 (ENV)(CLP), 2010 WL 629828, at *3 (E.D.N.Y. Feb. 22, 2010).

Conway has failed to offer any colorable excuse for her neglect to properly serve the complaint, and therefore is unable to demonstrate good cause for the failure to serve the defendants within the 120 days provided for in Rule 4(m). First, Conway's argument that because the moving defendants had notice of the action, the court should "grant jurisdiction and find that Ms. Conway's service of process was sufficient" is unavailing. "Actual notice of the lawsuit alone will not sustain the service or subject a person to the court's jurisdiction when there has not been compliance with the prescribed conditions of service." *Buggs v. Ehrnschwender,* 968 F.2d 1544, 1548 (2d Cir. 1992) (internal quotation marks and citation omitted); *see Mortgage Access Corp. v. Webb*, 784 N.Y.S.2d 116, 117 (2d Dep't 2004); *cf. Miron Lumber Co., Inc. v. Phylco*

9

*Realty Dev. Co.*, 572 N.Y.S.2d 992, 995 (N.Y.City Civ. Ct. 1991) (holding that C.P.L.R. § 312-a "mandates service of process by *first* class mail and *not* by certified mail as plaintiff effectuated here. This is fatal to this court's jurisdiction. . . since our courts have consistently held that service of process is only effective . . . when it is made pursuant to the appropriate method authorized by the C.P.L.R.") (internal quotation marks and citations omitted) (emphasis in original). Standing alone, "the mere fact that the [defendants have] actual notice of the complaint is insufficient . . . to justify an extension of time to serve the complaint where plaintiff was aware that service was not effected, yet makes no showing whatever as to any effort on her part to effect" service on defendants. *Fried*, 2008 WL 4360749, at *8; *see Macchia v. Russo*, 67 N.Y.2d 592, 594 (N.Y. 1986) ("In a challenge to service of process, the fact that a defendant has received prompt notice of the action is of no moment. . . . Notice received by means other than those authorized by statute does not bring a defendant within the jurisdiction of the court.").

Moreover, Conway's contention that she had until August 26, 2010 to re-serve defendants, does not explain her failure to timely serve the defendants. A review of the record indicates that nearly one week after Conway commenced this action, the moving defendants requested, by letter dated May 3, 2010, a pre-motion conference to discuss, *inter alia*, a motion to dismiss for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5). District Judge Bianco issued a scheduling order for the motion by order, dated May 5, 2010. In another order, dated May 27, 2010, Judge Bianco expressed his concern about service of process on the defendant Welborne. When the case was reassigned to District Judge Feuerstein in June 2010, the moving defendants informed the court that they had served a motion to dismiss on Conway. Thus, Conway was on notice that there was a challenge to the service of process made on defendants, but made no effort to timely rectify the defects in service.

In short, despite having been given notice of the issue of improper service, neither Conway or her counsel took the necessary steps to correct the defects in service upon the moving defendants nor advanced any "good cause" to warrant an extension of time to complete proper service. Given the lack of any evidence of an attempt to properly effect service before the expiration of the 120-day time limit under Rule 4(m) and the absence of any explanation to the court for the failure to properly serve the defendants, a discretionary extension is not warranted in this case.

Accordingly, the undersigned finds the absence of jurisdiction over Harbus and the American Red Cross and reports and recommends that the claims against them be dismissed.

**B.    The Alternative Motions Pursuant to Fed. R. Civ. P. 12(b)(6) or 56**

Having determined that dismissal is warranted pursuant to Fed. R. Civ. P. 12 (b)(5), the court need not address the alternative motions of Harbus and the American Red Cross pursuant to Rule 12(b)(6) or Rule 56.

**OBJECTIONS**

A copy of this Report and Recommendation is being served by the Court on all parties. Any objections to this Report and Recommendation must be electronically filed with the Clerk of the Court within 14 days. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. §636 (b) (1); Fed. R. Civ. P. 72; *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated:  Central Islip, New York
           November 15, 2010

_____/s/_____
Arlene R. Lindsay
United States Magistrate Judge