UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____X

KATRINA D. CONWAY,

                Plaintiff,

          -against-

THE AMERICAN RED CROSS, HEATHER
HARBUS, and BARBARA WELBORNE,

                Defendants.

_____X

**ORDER**
**CV-10-1859(SJF)(ARL)**

FEUERSTEIN, J.

Pending before the Court is the Report and Recommendation ("the Report") of Magistrate Judge Arlene R. Lindsay, dated November 15, 2010, and modified on November 29, 2010, recommending that the motion of The American Red Cross and Heather Harbus (collectively, "the Red Cross defendants") to dismiss the complaint pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure be granted and that the complaint be dismissed in its entirety as against those defendants. No objections to the Report have been filed. For the reasons stated herein, the Court accepts Magistrate Judge Lindsay's Report in its entirety and *sua sponte* dismisses the complaint without prejudice as against Welborne.

I.     Standard of Review

Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct proceedings on dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b). Any portion of a report and recommendation on dispositive matters, to which a timely objection has been made, is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). The

court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See, Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). To accept the report and recommendation of a magistrate judge to which no timely objection has been made, the district judge need only be satisfied that there is no clear error on the face of the record. See, Fed. R. Civ. P. 72(b); Spence v. Superintendent, Great Meadow Correctional Facility, 219 F.3d 162, 174 (2d Cir. 2000) (a court may review a report to which no timely objection has been interposed to determine whether the magistrate judge committed "plain error."); Johnson v. Goord, 487 F.Supp.2d 377, 379 (S.D.N.Y. 2007), aff'd, 305 Fed. Appx. 815 (2d Cir. 2009). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b).

## II.  Review of Report

No party has filed any objections to Magistrate Judge Lindsay's Report. Upon review, the Court is satisfied that the Report is not facially erroneous. Accordingly, the Court accepts Magistrate Judge Lindsay's Report as an Order of the Court.

## III.  Claims against Welborne

In addition, plaintiff's claims against Welborne are dismissed without prejudice pursuant to Rules 4(m) and 12(b)(5) of the Federal Rules of Civil Procedure. Rule 4(m) provides, in pertinent part, as follows:

> "If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action

without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. * * *."

Although Rule 4(m) requires the Court to grant an extension of time for service when a plaintiff shows good cause for the failure to serve, district courts also have discretionary authority to grant extensions of time even in the absence of good cause. See Zapata v. City of New York, 502 F.3d 192, 196 (2d Cir. 2007); see also DeLuca, 2010 WL 447114, at * 9.

### 1. Good Cause

"In order to establish good cause for failure to effect service in a timely manner, a plaintiff must demonstrate that despite diligent attempts, service could not be made due to exceptional circumstances beyond his or her control." Spinale v. United States, No. 03 Civ. 1704, 2005 WL 659150, at * 3 (S.D.N.Y. Mar. 16, 2005), aff'd, 352 Fed. Appx. 599 (2d Cir. Nov. 10, 2009); see also DeLuca, 2010 WL 447114, at * 9 (holding that in determining whether a plaintiff has shown good cause for the failure to serve, courts weigh the plaintiff's reasonable efforts and diligence to effect service against the prejudice to the defendant resulting from the plaintiff's delay). Inadvertence, mistake or neglect does not constitute good cause for an extension, see Naglieri v. Valley Stream Cent. High School Dist., No. CV 05-1989, 2006 WL 1582144, at * 2 (E.D.N.Y. May 26, 2006); Spinale, 2005 WL 659150, at * 3 (citing cases), nor does a *pro se* plaintiff's ignorance of the law. See G4 Concept Marketing Inc. v. MasterCard Intern, 670 F.Supp.2d 197, 199 (W.D.N.Y. 2009); Naglieri, 2006 WL 1582144, at * 2; see also Toner v. Suffolk County Water Authority, 220 F.R.D. 20, 21 (E.D.N.Y. 2004) (holding that although the requirements under Rule 4(m) are often lessened for a *pro se* litigant, good cause

3

cannot be found when the plaintiff presents no excuse for the delay in service).

Plaintiff has not demonstrated that she made any attempts to effect proper service upon Welborne or that exceptional circumstances prevented her from effecting such service. By order dated May 27, 2010, the Honorable Joseph F. Bianco, to whom this action was originally assigned, denied plaintiff's application for a default judgment against Welborne on the basis that plaintiff had not properly served Welborne under Rule 4(e) of the Federal Rules of Civil Procedure. Judge Bianco directed counsel for the Red Cross defendants to advise the Court whether they were also authorized to accept service on Welborne's behalf and notified plaintiff that if counsel was not so authorized, she was required to properly serve Welborne "by personal service or another permissible means of service." In accordance with that order, counsel for the Red Cross defendants filed a letter on June 3, 2010 indicating that they were not authorized to accept service on behalf of Welborne and that Welborne was no longer employed by the American Red Cross. (DE 13).

Plaintiff neither timely effected service on Welborne, nor requested an extension of time to do so. Notwithstanding notice that Welborne was no longer employed by the American Red Cross and that her previous attempted service upon Welborne by certified mail return receipt was not proper, plaintiff maintains: (1) that she properly served Welborne at the American Red Cross because "[t]he director named Hope accepted the summons and complaint" and "[t]here is no way that [she] can reverse the service to Barbara Welborne," (DE 16); and (2) that her prior service upon Welborne at the American Red Cross via certified mail return receipt was proper. (DE 15).

Since the Red Cross defendants had moved to dismiss the complaint as against them for

4

failure to effect proper service, plaintiff had notice that her complaint could be dismissed on that basis. In addition, Judge Bianco advised plaintiff that her previous service upon Welborne was not proper. Since plaintiff has failed to: (1) proffer a reasonable excuse for her failure to effect proper service upon Welborne; (2) demonstrate that she made reasonable efforts to timely effect proper service on Welborne after receiving actual notice that her prior service was improper and that Welborne was no longer employed by the American Red Cross; or (3) request an extension of time within which to properly serve Welborne pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, she has not demonstrated good cause for her failure to serve Welborne pursuant to Rule 4(m). See, e.g. Dickerson, 604 F.3d at 753; Bogle-Assegai v. Connecticut, 470 F.3d 498, 508-509 (2d Cir. 2006). At most, plaintiff's proffered excuses demonstrate her ignorance of the law, which is insufficient to establish good cause. See, e.g. G4 Concept, 670 F.Supp.2d at 199; Naglieri, 2006 WL 1582144, at * 2. Thus, any extension of time to serve defendant under Rule 4(m) is within this Court's discretion.

### 2. Discretionary Extension

Although a plaintiff is not required to show good cause before a court may grant a discretionary extension of time, "the plaintiff must ordinarily advance some colorable excuse for neglect" to warrant such an extension. Zapata, 502 F.3d at 198, n. 7; see also Abreu v. City of New York, 657 F.Supp.2d 357, 362 (E.D.N.Y. 2009). In determining whether to grant a discretionary extension of time for service, "courts balance the justifiable excuses offered by the plaintiff, the length of the delay, and any prejudice to either party." Spinale, 2005 WL 659150, at * 4. Plaintiff has not presented any colorable excuse for her failure to effect proper service on

Welborne.

Since plaintiff made no effort to effect proper service upon Welborne within the one hundred twenty (120) day period provided by Rule 4(m); neglected to request an extension of time within which to serve Welborne with process pursuant to Rule 6(b) of the Federal Rules of Civil Procedure; and has advanced no cognizable excuse for her failure to properly serve Welborne, dismissal of the complaint against Welborne is warranted under Rule 4(m). See, e.g. Zapata, 502 F.3d at 199; see also Spinale v. Ball, 352 Fed. Appx. 599, 600 (2d Cir. Nov. 10, 2009) (finding no abuse of discretion in the district court's refusal to overlook the plaintiff's fourteen (14) month delay in effecting service on the defendant). Accordingly, plaintiff's complaint is dismissed without prejudice as against Welborne pursuant to Rule 4(m).

IV.    Conclusion

For the reasons set forth therein, Magistrate Judge Lindsay's Report is accepted in its entirety; the Red Cross defendants' motion to dismiss the complaint pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure is granted and the complaint is dismissed without prejudice as against those defendants; and the complaint is *sua sponte* dismissed without prejudice as against Welborne pursuant to Rules 4(m) and 12(b)(5) of the Federal Rules of Civil Procedure. The Clerk of the Court shall enter judgment in favor of defendants and close this case.

SO ORDERED.

_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: January 30, 2011
Central Islip, New York

6